UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ZACHARY SOLOMON,

Docket No.:  20-cv-3213

                *Plaintiff,*

**NOTICE OF REMOVAL**

      *-against-*

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH
SYSTEM OF LONG ISLAND, INC.,

                *Defendants.*
------------------------------------------------------------------------X

C O U N S E L O R S:

Pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446 and the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (2005) ("PREP Act") and the Declaration for Public Readiness and Emergency Preparedness Act Coverage for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198-01 (March 17, 2020), defendants *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.*, hereby remove to the United States District Court for the Eastern District of New York the civil action pending in the Supreme Court of the State of New York, County of Nassau, Index No. 605684/2020. In support of its notice and grounds for removal, defendants state as follows:

1.     On June 22, 2020, defendants *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.*, were served with a Summons and Complaint, of which a true and correct copy is attached hereto as **Exhibit "A."** The Summons and Complaint constitutes all prior pleadings to date, which upon good faith information and belief seeks damages for physical injuries in excess of $75,000.

2.     This Notice of Removal is filed within 30 days after receipt by defendants *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.* of service of the Summons & Complaint and is therefore timely filed under 28 U.S.C. §1446(b).

3.     According to the Summons and Complaint, plaintiff ZACHARY SOLOMON, is a resident of the County of Nassau, State of New York.

4.     The complaint centers around an admission from March 23, 2020 to April 14, 2020 (during the New York COVID-19 crisis) and asserts claims sounding in malpractice (First Cause of Action), negligence (Second Cause of Action) and gross negligence (Third Cause of Action), all of which arise from countermeasures and response to COVID-19, the use of PPE and measures taken in response to federal guidance regarding COVID-19 and taken in light of the COVID-19 pandemic and in an attempt to prevent or mitigate the spread of COVID-19.

5.     According to the Summons and Complaint, defendants *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.,* are residents of the State of New York.

6.     The allegations set forth in the Complaint contain allegations as follows:

- The patient was under the care of St. Joseph's Hospital from March 23, 2020 to April 14, 2020. *See* Complaint at ¶ 19.

- The patient was allowed to develop a hospital acquired pressure injury; failing to rotate plaintiff for several days; negligently and carelessly failing to track the progression of the plaintiff's pressure sores, inadequately evaluating plaintiff for risk for pressure sores; negligently and carelessly failing to treat and care for plaintiff in a careful and skillful manner; negligently and carelessly failing to use and utilize approved methods in the general use of care and treatment of

plaintiff; in failing to properly document plaintiff's skin condition; in failing to properly document protocol for plaintiff's diaper changes; in failing to maintain proper medical records; in negligently and carelessly failing to properly diagnose and treat the condition from which plaintiff suffered; negligently and carelessly failing to consider plaintiff's complaints and relevant medical history; negligently and carelessly failing to timely call in qualified consultants; in carelessly failing to prescribe the correct medicine to treat said sore; in discharging plaintiff while it was unsafe to do so; in discharging plaintiff with an incorrect diagnosis of a lower stage pressure sore; and in otherwise failing to act as competent health care providers. *See* Complaint at ¶ 19.

- That, among other things, allowed St. Joseph's Hospital employees/ agents to act without meaningful supervision, and were inadequately trained and skilled to perform their duties and were unable to perform their duties in a safe and reasonable manner, failed to properly supervise agents/ servants/ employees providing care to the patient. *See* Complaint at ¶¶ 28-30.

7.     No willful misconduct was, or can be, alleged by plaintiff in the Complaint.

8.     This action arises under federal law, implicates federal immunities and raises several substantial federal issues.

9.      The allegations in the complaint are specifically covered under the PREP Act, involving a "covered activity" relative to a "covered countermeasure," for which congress has provided an exclusive federal cause of action and exclusive federal remedy. Congress has deemed the PREP Act to preempt state law for purposes of federal question jurisdiction.

10.     The claims in the Complaint are triggered by specifically alleged acts/omissions under the direction of a federal officer as defined by 28 U.S.C. § 1442(a)(1), and pursuant to 28 U.S.C. §1331 claims for loss arising out of the use of covered countermeasures by covered persons during a recommended activity as defined by the PREP Act and the claims in the Complaint arise from purported failures by defendant to properly act under the CMS, the Center for Disease Control and Prevention ("CDC"), the Department of Health and Human Services ("DHH"), the President of the United States, the federal COVID-19 Task Force and other U.S. agencies and officers. Defendants hereby do and will continue to assert colorable federal defenses to those claims, including, without limitation, the immunities afforded by the PREP Act, which require dismissal of this action in whole or in part. This is sufficient to trigger jurisdiction under the Federal Officer Statute, 28 U.S.C. § 1442(a)(1).

11.     For the foregoing reasons, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1331 as plaintiff's complaint raises several federal questions, immunities and issues, including, without limitation, federal officer jurisdiction and federal immunity, in whole or in part, pursuant to the PREP Act, 42 U.S.C. §§ 247d6d, 247d-6e (2005), 85 Fed. Reg. 15198 (March 17, 2020), compliance with federal statutes, common law and guidance, including CMS guidance specifically cited to by plaintiff, as well as guidance from the CDC, the DHH, the COVID-19 task force, the President of the United States and other federal officers and agencies, as well as 85 Fed. Reg. 15198 (March 17, 2020),  C.F.R. § 483.21(b)(1), C.F.R. § 483.65, 42 U.S.C. § 1395(i) *et seq*., 42 C.F.R. Part 483 and CFR 483.21(b)(1).

12.     A Notice of Filing of Notice of Removal will be filed in the Supreme Court of the State of New York, County of Nassau, with copies served on counsel of record, pursuant to 28 U.S.C. § 1446(a) and (d).

13.     By filing this Notice of Removal, defendants do not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue of forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense or affirmative defense.

14.     Defendants *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.* demand a trial by jury on all issues raised in this litigation.

WHEREFORE, the defendants, *ST. JOSEPH HOSPITAL and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.*, give notice that the above-captioned action now pending against them in the Supreme Court of the State of New York for the County of Nassau is removed to this Court.

Dated: Valhalla, New York
       July 17, 2020

Yours, etc.,

VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP

By:   *Dylan Braverman*

Dylan Braverman (DB 5501)
(d.braverman@vbpnplaw.com)
115 E. Stevens Avenue, Suite 206
Valhalla, New York 10595
(914) 495-4805
VBPNP File No.:  0246-003

*Attorneys for Defendants*
*ST. JOSEPH HOSPITAL and CATHOLIC HEALTH*
*SYSTEM OF LONG ISLAND, INC.*

TO:    Joseph D. Levy - jlevy@montaguelaw.com
       BRUCE MONTAGUE & PARTNERS
       *Attorneys for Plaintiff*
       212-45 26th Avenue, Suite #7
       Bayside, New York 11360
       (718) 279-7555

## CERTIFICATE OF SERVICE

This is to certify that on July 17, 2020, a copy of the foregoing **NOTICE OF REMOVAL** was served via email upon:

Joseph D. Levy
BRUCE MONTAGUE & PARTNERS
*Attorneys for Plaintiff*
212-45 26th Avenue, Suite #7
Bayside, New York 11360
jlevy@montaguelaw.com

Yours, etc.,

VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP

By:    *Dylan Braverman*

Dylan Braverman (DB 5501)
(d.braverman@vbpnplaw.com)
115 E. Stevens Avenue, Suite 206
Valhalla, New York 10595
(914) 495-4805
VBPNP File No.:  0246-003

*Attorneys for Defendants*
*ST. JOSEPH HOSPITAL and CATHOLIC HEALTH*
*SYSTEM OF LONG ISLAND, INC.*

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK                    DOCKET NO.:

---

ZACHARY SOLOMON,

                          *Plaintiff,*

      *-against-*

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH SYSTEM
OF LONG ISLAND, INC.,

                          *Defendants.*

---

### NOTICE OF REMOVAL

---

## VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP
*Attorneys for Defendants*
*ST. JOSEPH HOSPITAL and*
*CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.*
115 E. Stevens Avenue, Suite 206
Valhalla, New York 10595
(914) 495-4805
VBPNP File No.: 0246-003

---

TO:   ALL PARTIES

# EXHIBIT "A"

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NASSAU**
-------------------------------------------------------x
ZACHARY SOLOMON,

                    Plaintiff(s)                              Index No: 605684/2020

                    -against –

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH
SYSTEM OF LONG ISLAND, INC.,.


                    Defendant(s)
-------------------------------------------------------x

## COURT NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

    PLEASE TAKE NOTICE intends that this matter proceed as an electronically-filed case in the New York State

Courts Electronic Filing System ("NYSCEF") in Aq ccordance with the procedures therefor, described below.   Filing

and service of papers by electronic means cannot be made by a party nor electronic service be made upon a party unless

that party has consented to use of the system.    Within ten days after service of this Notice, each party served must

indicate whether or not it consents to electronic filing and service through NYSCEF for this case.


### General Information

    In New York State, actions may be commenced and cases processed by means of the NYSCEF system in

(1) tort, commercial, and tax certiorari cases in the Supreme Court in New York City and in Albany, Essex,

Livingston, Monroe, Nassau, Niagara, Onondaga, Suffolk, Sullivan and Westchester Counties; and (2) any case type in

Broome and Erie County Supreme Courts as authorized by the court.   Electronic filing is also authorized for cases in the

Court of Claims and Surrogate's Court cases in  Chautauqua, Erie, Monroe, Queens and Suffolk Counties and in no fault

cases in New York City Civil Court.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with

the County Clerk and the court and served in a simple, convenient and expeditious manner.   NYSCEF case

documents are filed with the County Clerk and the court by filing on the NYSCEF Website (www.nycourts.gov/efile), which can be done at any time of the day or night on any day of the week. Documents in Supreme Court cases are deemed filed when received by the NYSCEF server (with payment if required), regardless of whether the court or the County Clerk's Office is open. Service between and among consenting users is effectuated by posting documents with the Website, which immediately sends automatic e-mail notice to all such parties. There is no fee to use the NYSCEF system, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. The use of NYSCEF in Supreme Court is governed by Section 202.5-b of the Uniform Rules for the Trial Courts.

## Instructions

1.   Service of this Notice constitutes a statement of intent by the undersigned that the NYSCEF system be used in this case. When an action or proceeding is being commenced by means of the NYSCEF system, this Notice must accompany service of the initiating papers.

2.   **Within ten days after service of this Notice,** the party served shall file with the court and serve on all parties the attached Consent to E-Filing, or, if the party does not wish to consent, a declination of consent. Consent to electronic filing does not constitute an appearance in the action. If the party served is represented by an attorney who has already registered as a NYSCEF Filing User, that attorney may consent electronically on the NYSCEF site. Consent to NYSCEF is required of all current parties to the case in order for it to proceed as a NYSCEF matter, or, if fewer than all parties consent, where permitted by the court, NYSCEF may be used by and between or among consenting parties only.

3. Once parties agree that the case will be subject to NYSCEF, each participating attorney, unless already registered, must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the

2

Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or

efile@courts.state.ny.us).

Dated: __June 15, 2020__

Craig Ian Gardy
 **Bruce Montague & Partners**
 212-45 26th Ave
 Bayside, NY 11360

 (718) 279-7555 phone

 (718) 279-8154 fax

 cgardy@montaguelaw.com

 Attorney(s) for Plaintiffs

9/19/08

3

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------X

ZACHARY SOLOMON,

                        Plaintiff,

    -against-

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH
SYSTEM OF LONG ISLAND, INC.,

                      Defendants.

-------------------------------------------------------------------X

Index No. 605684/2020
Date Purchased: 06/11/2020

## SUMMONS

Plaintiff designates Nassau
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
384 Park Avenue
County of Nassau

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      BAYSIDE, NY
            June 9, 2020

                                   JOSEPH D. LEVY
                                   Bruce Montague & Partners
                                   Attorney for Plaintiff
                                   Zachary Solomon
                                   212-45 26th Avenue
                                   Suite #7
                                   Bayside, NY 11360
                                   718-279-7555

TO:   St. Joseph Hospital
      4295 Hempstead Turnpike
      Bethpage, NY 11714

      Catholic Health System of Long Island, Inc.
      992 N. Village Avenue
      Rockville Centre, NY 11570

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

ZACHARY SOLOMON,

                     Plaintiff,

        -against-

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH
SYSTEM OF LONG ISLAND, INC.,

                     Defendants.
-------------------------------------------------------------------X

Index No.:  605684/2020
Date Purchased:06/11/2020

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **BRUCE MONTAGUE & PARTNERS**, complaining of the

Defendant, respectfully alleges, upon information and belief, as follows:

1.      That at all times herein mentioned, Plaintiff **ZACHARY**

         **SOLOMON**, was, and still is, a resident of the County of

         Nassau, State of New York.

2.      That at all times herein mentioned, Defendant **ST. JOSEPH**

         **HOSPITAL** was a domestic corporation duly organized and

         existing under and by virtue of the laws of the State of New

         York.

3.      That at all times herein mentioned, Defendant **ST. JOSEPH**

         **HOSPITAL** was a partnership or other business entity

         authorized to do business in the State of New York.

1

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

4.      That at all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** conducted business in the State of New York.

5.      That at all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** maintained a principal place of business in the State of New York.

6.      That at all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** was a health care provider in the State of New York.

7.      That at all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      That at all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC** was a partnership or other business entity authorized to do business in the State of New York.

9.      That at all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** conducted business in the State of New York.

10.     That at all times herein mentioned, Defendant **CATHOLIC**

2

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM
NYSCEF DOC. NO. 1

INDEX NO. 605684/2020
RECEIVED NYSCEF: 06/11/2020

HEALTH SYSTEM OF LONG ISLAND, INC. maintained a principal place of business in the State of New York.

11.   That at all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** was a health care provider in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION IN MALPRACTICE

12.   At all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** owned, operated, managed and controlled a certain facility known as St. Joseph Hospital for the treatment of the sick and ailing located at 4295 Hemptstead Turnpike, County of Nassau, State of New York.

13.   At all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** owned, operated, managed and controlled a certain facility known as St. Joseph Hospital for the treatment of the sick and ailing located at 4295 Hemptstead Turnpike, County of Nassau, State of New York.

14.   At all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** operated the aforesaid hospital premises under the auspices of Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**

3

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

15.     At all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** held itself out as duly qualified to render proper and adequate medical and diagnostic services to the general public, including the Plaintiff **ZACHARY SOLOMON**.

16.     At all times herein mentioned, Defendant **ST. JOSEPH HOSPITAL** by its agents, servants, and/or employees undertook in the care and treatment of Plaintiff **ZACHARY SOLOMON**, to treat and care for Plaintiff in accordance with the standards of care and treatment generally accepted in the community, to utilize their best judgment and to utilize approved methods in general use.

17.     At all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** held itself out as duly qualified to render proper and adequate medical and diagnostic services to the general public, including the Plaintiff **ZACHARY SOLOMON**.

18.     At all times herein mentioned, Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** by its agents, servants, and/or employees undertook in the care and treatment of Plaintiff **ZACHARY SOLOMON**, to treat and care for Plaintiff in accordance with the standards of care and treatment generally accepted in the community, to utilize their best

4

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

judgment and to utilize approved methods in general use.

19.     That from on or about March 23, 2020, through on or about April 14, 2020, Plaintiff **ZACHARY SOLOMON** was under the care and treatment of Defendant **ST. JOSEPH HOSPITAL** and/or Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.** as well as their agents, servants and/or employees for diagnosis, treatment, and care and to receive services that might be necessary with respect thereto.

20.     That Defendant(s) **ST. JOSEPH HOSPITAL** and/or Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, by their agents, servants, and/or employees undertook in the care and treatment of Plaintiff **ZACHARY SOLOMON**, to treat and care for him in accordance with the standards of care and treatment generally accepted in the community, to utilize their best judgment and to utilize approved methods in general use.

21.     During the aforesaid times, while Plaintiff **ZACHARY SOLOMON** was a patient of the Defendant(s) **ST. JOSEPH HOSPITAL** and/or Defendant **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, Defendants departed from accepted and proper medical practices and standards and was negligent and committed malpractice upon the Plaintiff in,

5

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

amongst other departures, negligently and carelessly allowing
Plaintiff to develop a hospital acquired pressure injury; failing
to rotate Plaintiff for several days; negligently and carelessly
failing to track the progression of the Plaintiffs pressure sores,
inadequately evaluating Plaintiff for risk for pressure sores;
negligently and carelessly failing to treat and care for Plaintiff
in a careful and skillful manner; negligently and carelessly
failing to use and utilize approved methods in the general use of
care and treatment of Plaintiff; in failing to properly document
Plaintiff's skin condition; in failing to properly document
protocol for Plaintiff's diaper changes; in failing to maintain
proper medical records; in negligently and carelessly failing to
properly diagnose and treat the condition from which Plaintiff
suffered; negligently and carelessly failing to consider
Plaintiff's complaints and relevant medical history; negligently
and carelessly failing to timely call in qualified consultants; in
carelessly failing to prescribe the correct medicine to treat said
sore; in discharging Plaintiff while it was unsafe to do so; in
discharging Plaintiff with an incorrect diagnosis of a lower stage
pressure sore; and in otherwise failing to act as competent
health care providers.

22.  All of the above has occurred without any negligence on the
part of the Plaintiff contributing thereto.

6

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

23.     As a result of the foregoing, Plaintiff **ZACHARY SOLOMON** has suffered severe and serious personal injuries and pain and suffering, both physical and emotional, has had aggravation, exacerbation, precipitation and acceleration of underlying conditions resulting in prolonged hospitalization, weakness, stroke and/or stroke symptoms, and suffered extreme mental and emotional anxiety.

24.     That as a result of the foregoing, Plaintiff **ZACHARY SOLOMON** has been damaged in a sum of money having a present value that exceeds the limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION IN NEGLIGENCE

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained within those paragraphs of the Complaint as heretofore designated "1" through "24" inclusive with the same force and effective as if more fully set forth herein.

26.     At all times relevant herein and upon information and belief, Defendants **ST. JOSEPH HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, had a duty to own, operate, maintain, manage, and control the aforesaid health facility in a safe, careful, and prudent manner so as to

7

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM
NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

avoid harm to patients therein.

27.   At all times herein mentioned, Defendants **ST. JOSEPH HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, their employees, licensees, and/or agents were careless, reckless and otherwise negligent in the care and treatment of Plaintiff.

28.   At all times herein mentioned, Defendants **ST. JOSEPH HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, was careless, reckless and otherwise negligent in the hiring and supervision of its agents, servants and/or employees; in causing, allowing and permitting them to act without meaningful supervision in their official capacity as health care providers, thereby causing the injuries and damages to the Plaintiff **ZACHARY SOLOMON** as hereinbefore alleged.

29.   At all times relevant herein, Defendants **ST. JOSEPH HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.**, were on actual notice that its agents, servants and/or employees were inadequately trained and skilled to perform their duties properly and within the standards of practice and conduct for health care practitioners; were unable to perform their obligations and duties as health care providers

8

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM
NYSCEF DOC. NO. 1

INDEX NO. 605684/2020
RECEIVED NYSCEF: 06/11/2020

in a safe and responsible manner; and despite this knowledge,
caused, permitted and allowed them to continue in their
employment as health care providers, thereby causing the
injuries and damages to the Plaintiff **ZACHARY SOLOMON**
as hereinbefore alleged.

30. At all relevant times herein, Defendants **ST. JOSEPH
HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF
LONG ISLAND, INC.**, failed to properly supervise their
agents, servants, and/or employees who were providing care to
Plaintiff.

31. At all times relevant herein, Defendants **ST. JOSEPH
HOSPITAL** and **CATHOLIC HEALTH SYSTEM OF
LONG ISLAND, INC.**, **FAIRVIEW** were careless, reckless
and negligent in the retention of their employees; in causing,
allowing and permitting to continue in their employment as
health care providers, thereby causing the injuries and damages
to the Plaintiff as hereinbefore alleged.

32. As a result of the foregoing, Plaintiff **ZACHARY SOLOMON**
has suffered severe and serious personal injuries and pain and
suffering, as hereinbefore alleged.

33. That as a result of the foregoing, Plaintiff **ZACHARY**

9

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM
NYSCEF DOC. NO. 1

INDEX NO. 605684/2020
RECEIVED NYSCEF: 06/11/2020

SOLOMON has been damaged in a sum of money having a present value that exceeds the limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION IN GROSS NEGLIGENCE

34.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "33" as though fully set forth and pleaded at length herein.

35.   That during the Plaintiff's hospital stay, his family was advised that he was being properly turned and/or rotated on a regular basis.

36.   That said communication to Plaintiff's family was false.

37.   That Plaintiff was not being consistently turned and/or rotated despite Defendants' agents advising Plaintiff's family of same.

38.   That Defendants failed to rotate and/or turn Plaintiff at all for up to six days.

39.   That Plaintiff was incorrectly advised by Defendants that said hospital acquired pressure ulcer was a Stage II.

40.   That after discharge Plaintiff learned that said hospital acquired pressure ulcer was, in fact, unstageable.

10

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

41.     That after discharge, Plaintiff was required to have multiple surgical procedures to treat said hospital acquired pressure ulcer that Defendants falsely advised was only a Stage II.

42.     That Defendants improperly treated said hospital acquired pressure ulcer with an improper ointment, thus increasing the severity of the ulcer.

43.     That Defendants discharged Plaintiff prematurely.

44.     That Defendants knew or should have known that such actions and omissions were likely to cause Plaintiff harm.

45.     That the aforesaid conduct of Defendants constitute gross negligence and/or reckless disregard for Plaintiff's safety and condition.

46.     That as a result of the foregoing, Plaintiff **ZACHARY SOLOMON** has been damaged in a sum of money having a present value that exceeds the limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **ZACHARY SOLOMON**, demands judgment on the First, Second and Third Causes of Action in a sum of money exceeding the monetary jurisdiction of all lower Courts, together with interests costs and disbursements of this action.

Dated:      Bayside, NY
            June 9, 2020

11

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

State of New York    )
                     :  ss.:
County of Queens     )

I, the undersigned, an attorney admitted to practice in the courts of the State of New York state that I am a member of Bruce Montague & Partners the attorney of record for the plaintiff(s) in the action within; that I have read the SUMMONS & COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe it to be true; the reason this verification is made by me and not by plaintiff(s) is that plaintiff(s) reside outside the county wherein Bruce Montague & Partners maintain their office for the practice of law.

The grounds of my belief as to all matters not stated upon my own knowledge are from investigations made on behalf of said plaintiff(s), as well as a complete review of the file maintained in our office.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  June 9, 2020

Joseph D. Levy

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

## CERTIFICATE OF MEDICAL MALPRACTICE

JOSEPH D. LEVY, an attorney duly admitted to practice before the Courts of this State, hereby affirms the following to be true under the penalty of perjury:

I am the attorney for the plaintiff in the within matter, and, as such, am fully familiar with the facts and circumstances of this negligence case.

Your affirmant has reviewed the facts of the above-captioned action and has consulted with a duly licensed medical practitioner about the case, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of an action.

Dated: Bayside, New York
       June 9, 2020

Joseph D. Levy

13

FILED: NASSAU COUNTY CLERK 06/11/2020 10:28 AM

NYSCEF DOC. NO. 1

INDEX NO. 605684/2020

RECEIVED NYSCEF: 06/11/2020

Index No. 605684/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ZACHARY SOLOMON

     Plaintiff(s),

  -against-

ST. JOSEPH HOSPITAL AND CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.

     Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

**Bruce Montague & Partners**
*Attorneys for Plaintiff(s)*
212-45 26th Avenue
Bayside, NY 11360
(718) 279-7555